LAW OFFICE OF

## KEVIN T. MOORE, P. C.

2500 NORTHWINDS PARKWAY, SUITE 330

ALPHARETTA, GEORGIA 30009

TELEPHONE (770) 396-3622                    KTM@KTMTRIALLAW.COM                    FACSIMILE (770) 551-8701

January 23, 2025

The Honorable J. P. Boulee
United States District Court
75 Ted Turner Drive, SW
Atlanta, GA  30303-3309

      RE: Discovery Dispute -- Consolidated/Joint Discovery Statement
      *Sterling Planet, Inc. v. GRP HOLDCO, LLC, GRP MADISON, LLC and GRP*
      *FRANKLIN, LLC., CAFN: 1:24-CV-03176-JPB*

Dear Judge Boulee:

      Pursuant to Section j.vii. of the Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J.P. Boulee, please see the attached respective Discovery Dispute Position Statements from Sterling Planet, Inc. and GRP Holdco, LLC, GRP Franklin, LLC and GRP Madison, LLC (collectively "GRP Defendants") consisting of 3 pages per side. I am authorized to inform you counsel for the parties can make themselves available for a conference should the Court require any further information in connection with this filing.

      Thank you for your time and consideration.

                          Respectfully submitted,

                          Kevin T. Moore

KTM/bkc
Enclosure

## PLAINTIFF'S DISCOVERY DISPUTE POSITION STATEMENT

This dispute arises out of Sterling's Interrogatories (ROGs) and Request for Admissions (RFAs) to Defendants (GRP) pertaining to the "further assurances" provisions under two contracts at issue in this matter. See, Renewable Energy Certificate Purchase Agreements Ex. A and B to Complaint (the RECPAs). Pursuant to the Joint Preliminary Planning Rpt. and Order, GRP acknowledged:

> Sterling alleges that GRP [] failed to comply with [GRP's further assurances] obligation to execute and deliver any documents requested by Sterling to enforce the terms and intent of the RECPAs. Specifically, GRP purportedly failed to provide fuel mix information and information related to REC sales or contracts made by GRP during [Aug. 6, 2021 to Aug. 31, 2023].

See [Dkt.11, p. 3]. Provisions related to "Attestations" (whereby fuel-mix/environmental attributes *must be confirmed by GRP*) are found throughout the RECPAs, See e.g., Recital ¶¶ 1 and 2, respectively, indicating RECs sold by GRP establish "environmental attributes" associated with its biomass power production, and GRP facilities produce "electricity using a renewable energy source"; ¶3 environmental attributes must be confirmed via Attestation; and ¶15:

> 15. Further Assurances. The Parties agree to perform all such acts and agree to execute and deliver promptly any and all other and further instruments documents and information, which a Party may reasonably request and as may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

Sterling's business records (emails from GRP, produced by Sterling and which should be in GRPs possession custody and control), indicate GRP prepared and fully executed Attestations regarding fuel mix/associated environmental attributes on **Aug. 19, 2021 and Sept. 20, 2021**. As shown below, GRP refused to admit executing

1

Attestations produced during discovery by Sterling. Similarly, GRP refuses to provide ROG responses regarding its attestation procedures and regarding the RECPAs further assurances provisions generally.

**A. Discovery response deficiencies/GRP's unusual hostility and obstruction**

- <u>RFAs Nos 1 - 20</u>. On Aug. 2, 2024, GRP responded to the RFAs including boilerplate preliminary objections and on Sept. 23, 2024, GRP untimely amended its RFA responses to remove those objections. See Ex. A.

- <u>RFAs 11-14:</u> These RFAs related to Attestation execution, but were improperly objected to or were improperly denied by GRP. *See*, Ex. B.

- <u>ROG Nos. 5-10</u>: GRP responded raising boilerplate objections, failing to indicate what information GRP would need to fully respond. No *documents whatsoever* were produced to aid Sterling's understanding regarding GRP's push-back regarding all questions related to attestations. See, Ex. C.

B. **Correspondence between counsel/meet and confer:** On the following dates counsel exchanged emails regarding the RFAs and ROGs (subject: "DEMAND FOR FURTHER ASSURANCES/Inadequacy of GRP's RFA Responses" or "Sterling v. GRP response RFP deficiency"): Nov. 22, 25, 27, Dec 2, 3, 4, 5, 6, and 9. On December 12, 2024, the parties conferred by phone regarding GRP's deficiencies.

Follow up emails were sent by Sterling on Jan. 1, 14 and 15 confirming an impasse, necessitating the filing of this Position Statement.

## C. **Need for Court Assistance**.

Sterling's RFAs and ROGs regarding Attestations (confirming fuel mix/environmental attributes) and further assurances provisions are grounded both in GRP's obligations under the discovery rules and Sterling's clear commercial need for accurate environmental attribute and fuel mix information related to GRP's biomass production. GRP has displayed a concerning pattern of evasiveness related to these matters.

In repeated efforts to resolve these disputes, GRP has in essence maintained it did not breach the RECPAs so therefore, according to GRP, Sterling is not entitled to engage in discovery regarding further assurances and Attestations. It should go without saying, GRP is not unilaterally permitted to determine whether it breached the RECPAs and Sterling is entitled to complete responses. The clear intent of further assurances provision, and good faith and fair dealing required under all contracts, requiring GRP to fully respond to the RFAs and ROGs without further posturing, objections raised without valid grounds, refusal to admit to the execution of documents GRP itself submitted to Sterling by email attachment, and matters fully within GRP's knowledge.

The foregoing PLAINTIFF'S DISCOVERY DISPUTE POSITION STATEMENT is respectfully submitted, this 23rd day of January 2025.

KEVIN T. MOORE, P.C.

/s/ *Kevin T. Moore*
Kevin T. Moore
GA Bar No. 520036
Attorney for Sterling Planet, Inc.

2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
(770) 396.3622
ktm@ktmtriallaw.com

CODY LAW, P.C.

/s/ *Tammi M Cody*
Tammi M. Cody
GA Bar No. 053850
Attorney for Sterling Planet, Inc.

659 Auburn Avenue, NE
Studioplex, Suite 210
Atlanta, GA 30312
tcody@codylaw.net

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| STERLING PLANET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:24-cv-03176-JPB |
| GRP HOLDCO, LLC, | ) |
| GRP MADISON, LLC, and | ) |
| GRP FRANKLIN, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO STERLING'S FIRST REQUEST FOR ADMISSIONS

**COME NOW**, pursuant to Federal Rules of Civil Procedure Rule 36 ("Rule 36"), Defendants GRP HoldCo, LLC ("GRP HoldCo"), GRP Madison, LLC ("GRP Madison"), and GRP Franklin, LLC ("GRP Franklin") (collectively, "Defendants"), hereby submit the following responses and objections (the "Responses;" each individually, a "Response") to the First Request for Admissions, dated May 16, 2024 (the "First Request;" each individually, a "Request") served by Plaintiff Sterling Planet, Inc. ("Sterling" or "Plaintiff") on June 20, 2024 as follows:

## GENERAL OBJECTIONS

1.      Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by such responses. The absence of a specific objection to any Request shall not be interpreted that Defendants acknowledge the appropriateness of that Request.

2.      The Responses set forth below are based upon Defendants' interpretation of the language used in the First Request, and Defendants reserve their right to amend or to supplement its responses in the event Plaintiff asserts an interpretation that differs from Defendants' interpretation.

3.      Defendant object to the First Request to the extent that any Request seeks to impose on Defendants obligations greater than those required by Rule 36, or other applicable law.

4.      In responding to the First Request, Defendants have conducted a reasonable inquiry in accordance with Rule 36. To the extent that any Request purports to require Defendants to conduct an inquiry outside of the Defendants' possession, custody, or control or purports to require Defendants to seek information in the possession, custody, or control of third parties, Defendants

2

object to such Request as unduly burdensome and outside the scope of reasonable inquiry.

5.      Defendants object to the First Request to the extent that any Request seeks admissions protected from disclosure by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privilege or doctrine.

6.      Defendants object to the First Request to the extent that any Request seeks an admission that is not relevant to the subject matter of the pending litigation in *Sterling Planet, Inc. v. GRP HoldCo, LLC, GRP Madison, LLC, and GRP Franklin, LLC*, Civil Action No. 1:24-cv-03176-JPB (the "Action"). In responding to the First Request, Defendants will construe the First Request to cover the time period between April 1, 2021 and August 31, 2023 (the "Relevant Time Period).

7.      Defendants object to the First Request to the extent that any Request seeks an admission regarding information that is in Plaintiff's possession, custody, or control, or is in the public domain such that is readily or equally available to Plaintiff. Defendants' response to any such Request shall not be deemed to be a waiver of this objection.

8.      Defendants' willingness to respond to any Request does not constitute an admission or acknowledgement that the related Request is proper, that such Request is relevant, or that such Request is within the proper bounds of Rule 36.

9.      Defendants object to the First Request to the extent that any Request seeks an admission regarding confidential and/or proprietary information and/or information subject to confidentiality agreements, protective orders, or any statutes or regulations that prohibit their disclosure or identification.

10.     Defendants object to the First Request to the extent that any Request is predicated upon inaccurate, incomplete, or misleading characterizations of, or legal conclusions regarding, the facts, persons, relationships, events, and/or pleadings in this Action. Defendants' Responses shall not constitute a concession or admission to, or agreement with, any such characterizations or conclusions.

11.     Each of the General Objections is incorporated by reference into each of the specific responses set forth below, which Defendants make without waiver of any of these General Objections. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to any Request.  Defendants' failure to repeat any General Objection in any Response shall not be deemed a waiver of that General Objection. Equally, Defendants' incorporation of one of the General Objections in a Response shall not be deemed a waiver of any of the other General Objections.

12.     Defendants reserve their rights to alter, amend, or supplement this response to the First Request. Defendants also reserve the right to object to the admissibility at trial of any of Defendants' Responses.

## OBJECTION TO INSTRUCTIONS

A.     Defendants object to the Instructions to the extent it purports to impose obligations beyond those required by Rule 36 or other applicable law.

## RESPONSES AND SPECIFIC OBJECTIONS

## REQUEST FOR ADMISSION NO. 1:

Admit Sterling Planet, Inc. is in the business of marketing Renewable Energy Certificates from producers and reselling them to retail and wholesale customers.

## RESPONSE NO. 1:

In addition to the General Objections set forth above, Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request and the undefined terms "marketing" and "producers" are undefined, vague, subjective and ambiguous. Defendants further object to this Request on the ground that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary. Defendants further object to this Request on the ground that it seeks to require Defendants to conduct an inquiry of the general business of Sterling, which is outside of the Defendants'

5

possession, custody, or control or purport to require Defendants to seek information in the possession, custody, or control of third parties. Defendants further object that this information is in Sterling's possession, custody, or control such that is readily or equally available to Sterling.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants, upon information and belief, deny that Sterling is "is in the business of marketing Renewable Energy Certificates from producers and reselling them to retail and wholesale customers."

## REQUEST FOR ADMISSION NO. 2:

Admit that prior to entering into RECPA 1 Defendants had not sold Renewable Energy Certificates from (sic) Franklin or Madison biomass plants.

## RESPONSE NO. 2:

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants admit that prior to entering into RECPA 1, Defendants had not sold Renewable Energy Certificates ("RECs") from the renewable biomass power plants located in Madison County, Georgia (the "Madison Plant") and Franklin County, Georgia (the "Franklin Plant," and collectively with the Madison Plant, the "GRP Facilities").

6

**REQUEST FOR ADMISSION NO. 3:**

Admit that prior to entering into RECPA 2 Defendants had not sold Renewable Energy Certificates from (sic) Franklin or Madison biomass plants.

**RESPONSE NO. 3:**

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants deny that Defendants had not sold RECs from the GRP Facilities prior to entering into RECPA 2.

**REQUEST FOR ADMISSION NO. 4:**

Admit Cary (sic) Davis is listed as "Seller Contract Administrator" under RECPA 1.

**RESPONSE NO. 4:**

Without waiving the foregoing general objections, Defendants admit Carey Davis was named as "Seller Contractor Administrator" under RECPA 1.

**REQUEST FOR ADMISSION NO. 5:**

Admit Cary (sic) Davis is listed as "Seller Contract Administrator" under RECPA 2.

**RESPONSE NO. 5:**

Without waiving the foregoing general objections, Defendants admit Carey

Davis was named as "Seller Contractor Administrator" under RECPA 2.

**REQUEST FOR ADMISSION NO. 6:**

Admit Cary (sic) Davis is currently the "Seller Contract Administrator"

under RECPA 1.

**RESPONSE NO. 6:**

Without waiving the foregoing general objections, Defendants deny that

Carey Davis is currently the "Seller Contract Administrator" under RECPA 1.

**REQUEST FOR ADMISSION NO. 7:**

Admit Cary (sic) Davis is currently the "Seller Contract Administrator"

under RECPA 2.

**RESPONSE NO. 7:**

Without waiving the foregoing general objections, Defendants deny that

Carey Davis is currently the "Seller Contract Administrator" under RECPA 2.

**REQUEST FOR ADMISSION NO. 8:**

Admit Defendants have never given Sterling notice of a change of "Seller

Contract Administrator" under RECPA 1.

**RESPONSE NO. 8:**

Without waiving the foregoing general objections, Defendants admit that they have never given Sterling notice of a change of "Seller Contract Administrator" under RECPA 1.

**REQUEST FOR ADMISSION NO. 9:**

Admit Defendants have never given Sterling notice of a change of "Seller Contract Administrator" under RECPA 2.

**RESPONSE NO. 9:**

Without waiving the foregoing general objections, Defendants admit that they have never given Sterling notice of a change of "Seller Contract Administrator" under RECPA 2.

**REQUEST FOR ADMISSION NO. 10:**

Admit the domain name "grpholdco.com" is owned by Defendants.

**RESPONSE NO. 10:**

In addition to the General Objections set forth above, Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit Carey Davis signed Renewable Generator Attestation(s) under RECPA 1.

**RESPONSE NO. 11:**

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants admit Carey Davis executed a renewable generator attestation for each GRP Facility, dated August 19, 2021, in connection with RECPA 1.

**REQUEST FOR ADMISSION NO. 12:**

Admit Carey Davis signed Renewable Generator Attestation(s) under RECPA 2.

**RESPONSE NO. 12:**

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

10

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit Carey Davis attested of behalf of Defendants, as an authorized agent, that all statements in the executed Renewable Generator Attestations under RECPA 1 "are true and correct."

**RESPONSE NO. 13:**

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants admit Carey Davis executed a renewable generator attestation for each GRP Facility, dated August 19, 2021, in connection with RECPA 1, where it stated that all the statements in the attestation "are true and correct."

**REQUEST FOR ADMISSION NO. 14:**

Admit Carey Davis attested of behalf of Defendants, as an authorized agent, that all statements in the executed Renewable Generator Attestations under RECPA 2 "are true and correct."

11

**RESPONSE NO. 14:**

In addition to the General Objections set forth above, Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit Defendants did not have a NAR account prior to entering into RECPA 1.

**RESPONSE NO. 15:**

Without waiving the foregoing general objections, Defendants admit that they did not have a NAR account prior to the execution of RECPA 1.

**REQUEST FOR ADMISSION NO. 16:**

Admit Defendants did not have a NAR account prior to entering into RECPA 2.

**RESPONSE NO. 16:**

Without waiving the foregoing general objections, Defendants admit that they did not have a NAR account prior to the execution of RECPA 2.

12

**REQUEST FOR ADMISSION NO. 17:**

Admit Defendants did not execute a participant agreement with CRS prior to entering into RECPA 1.

**RESPONSE NO. 17:**

Without waiving the foregoing general objections, Defendants admit that they did not execute a participant agreement with CRS prior to the execution of RECPA 1.

**REQUEST FOR ADMISSION NO. 18:**

Admit Defendants did not execute a participant agreement with CRS prior to entering into RECPA 2.

**RESPONSE NO. 18:**

Without waiving the foregoing general objections, Defendants admit that they did not execute a participant agreement with CRS prior to the execution of RECPA 2.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Sterling and NAR are "marketing partners" as that terminology is commonly used in the renewable energy industry.

**RESPONSE NO. 19:**

In addition to the General Objections set forth above, Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request. Defendants further object to this Request on the ground that it seeks to require Defendants to conduct an inquiry outside of the Defendants' possession, custody, or control or purport to require Defendants to seek information in the possession, custody, or control of third parties.

To the extent a Response is deemed to be required, without waiving the foregoing general and specific objections, Defendants, upon information and belief, deny that Sterling and NAR are "marketing partners."

**REQUEST FOR ADMISSION NO. 20:**

Admit that Sterling and CRS are "marketing partners" as that term is commonly used in the renewable energy industry.

**RESPONSE NO. 20:**

In addition to the General Objections set forth above, Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request. Defendants further object to the Request on the ground that it seeks to require Defendants to conduct an inquiry outside of the Defendants'

possession, custody, or control or purport to require Defendants to seek

information in the possession, custody, or control of third parties.

To the extent a Response is deemed to be required, without waiving the

foregoing general and specific objections, Defendants, upon information and

belief, deny that Sterling and CRS are "marketing partners."

Dated:  August 2, 2024

<div align="right">

**SWEETNAM, SCHUSTER
& SCHWARTZ, LLC**

By: /s/ Edwin Schwartz
    Edwin Schwartz
    Georgia Bar No. 631037
    Jared Siegel
    Georgia Bar No. 113155
    1050 Crown Pointe Parkway
    Suite 500
    Atlanta, Georgia 30338
    Tel.: (470) 395-7842
    E-mail: eschwartz@sweetnamlaw.com
           jsiegel@sweetnamlaw.com

*Attorneys for Defendants*

</div>

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| STERLING PLANET, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GRP HOLDCO, LLC,<br>GRP MADISON, LLC, and<br>GRP FRANKLIN, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:24-cv-03176-JPB<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' FIRST AMENDED RESPONSES AND
## OBJECTIONS TO STERLING'S FIRST REQUEST FOR ADMISSIONS

**COME NOW**, pursuant to Federal Rules of Civil Procedure Rule 36 ("Rule 36"), Defendants GRP HoldCo, LLC ("GRP HoldCo"), GRP Madison, LLC ("GRP Madison"), and GRP Franklin, LLC ("GRP Franklin") (collectively, "Defendants"), hereby submit the following first amended responses and objections (the "Responses;" each individually, a "Response") to the First Request for Admissions, dated May 16, 2024 (the "First Request;" each individually, a "Request") served by Plaintiff Sterling Planet, Inc. ("Sterling" or "Plaintiff") on June 20, 2024 as follows:

## OBJECTION TO INSTRUCTIONS

A.    Defendants object to the Instructions to the extent it purports to impose obligations beyond those required by Rule 36 or other applicable law.

## RESPONSES AND OBJECTIONS

### REQUEST FOR ADMISSION NO. 1:

Admit Sterling Planet, Inc. is in the business of marketing Renewable Energy Certificates from producers and reselling them to retail and wholesale customers.

### RESPONSE NO. 1:

Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request and the undefined terms "marketing" and "producers" are undefined, vague, subjective and ambiguous. Defendants further object to this Request on the grounds that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary. Defendants further object to this Request on the grounds that it seeks to require Defendants to conduct an inquiry of the general business of Sterling, which is outside of the Defendants' possession, custody, or control or purport to require Defendants to seek information in the possession, custody, or control of third parties. Defendants further object that this information is in Sterling's possession, custody, or control such that is readily or equally available to Sterling.

2

**REQUEST FOR ADMISSION NO. 10:**

Admit the domain name "grpholdco.com" is owned by Defendants.

**RESPONSE NO. 10:**

Defendants object to this Request because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, particularly insofar as it does not provide a time period for the Request.

To the extent a Response is deemed to be required, without waiving the foregoing objections, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit Carey Davis signed Renewable Generator Attestation(s) under RECPA 1.

**RESPONSE NO. 11:**

Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing objections, Defendants admit Carey Davis executed a renewable generator attestation for each GRP Facility, dated August 19, 2021, in connection with RECPA 1.

## REQUEST FOR ADMISSION NO. 12:

Admit Carey Davis signed Renewable Generator Attestation(s) under RECPA 2.

## RESPONSE NO. 12:

Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing objections, Defendants deny this Request.

## REQUEST FOR ADMISSION NO. 13:

Admit Carey Davis attested of (sic) behalf of Defendants, as an authorized agent, that all statements in the executed Renewable Generator Attestations under RECPA 1 "are true and correct."

## RESPONSE NO. 13:

Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing objections, Defendants admit Carey Davis executed a renewable generator attestation for each GRP Facility, dated August 19, 2021, in connection with RECPA 1, where it stated that all the statements in the attestation "are true and correct."

## REQUEST FOR ADMISSION NO. 14:

Admit Carey Davis attested of (sic) behalf of Defendants, as an authorized agent, that all statements in the executed Renewable Generator Attestations under RECPA 2 "are true and correct."

## RESPONSE NO. 14:

Defendants object to this Request as it contains a compound, conjunctive, or disjunctive statement. Defendants further object that this information is in Defendant's possession, custody, or control such that is readily or equally available to Defendant.

To the extent a Response is deemed to be required, without waiving the foregoing objections, Defendants deny this Request.

## REQUEST FOR ADMISSION NO. 15:

Admit Defendants did not have a NAR account prior to entering into RECPA 1.

Dated:  September 23, 2024

SWEETNAM, SCHUSTER
& SCHWARTZ, LLC

By: /s/ Edwin Schwartz
     Edwin Schwartz
     Georgia Bar No. 631037
     Jared Siegel
     Georgia Bar No. 113155
     1050 Crown Pointe Parkway
     Suite 500
     Atlanta, Georgia 30338
     Tel.: (470) 395-7842
     E-mail: eschwartz@sweetnamlaw.com
            jsiegel@sweetnamlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that I have on the 23rd of September 2024, caused to be served on Plaintiff's counsel, Defendants' First Amended Responses and Objections to Plaintiff's Request Admissions, in the above-referenced action for Defendants GRP HoldCo, LLC, GRP Franklin, LLC, and GRP Madison, LLC (collectively, the "Defendants'") in accordance with Fed. R. Civ. P. 5 via U.S. Mail to the following addresses.

Kevin T. Moore
Georgia Bar No. 520036
**KEVIN T. MOORE, P.C.**
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
ktm@ktmtriallaw.com

Tammi Cody
Georgia Bar No. 053850
**CODY LAW, P.C.**
659 Auburn Avenue, NE
Suite 210
Atlanta, Georgia 30312
tcody@codylaw.net

Dated:        September 23, 2024

/s/ *Edwin Schwartz*
Edwin Schwartz
Georgia Bar No. 631037
**SWEETNAM SCHUSTER &**
**SCHWARTZ, LLC**
1050 Crown Pointe Parkway, Suite 500
Atlanta, Georgia 30338
Telephone: (470) 395-7842
Facsimile: (770) 234-6779
eschwartz@sweetnamlaw.com

*Attorney for GRP Defendants*

EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STERLING PLANET, INC.,       )
                                 )
      Plaintiff,         )
                                 )
v.                               )
                               )   Civil Action No. 1:24-cv-03176-JPB
GRP HOLDCO, LLC,        )
GRP MADISON, LLC, and    )
GRP FRANKLIN, LLC,      )
                               )
      Defendants.      )
_____)

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO STERLING'S FIRST SET OF INTERROGATORIES

**COME NOW**, pursuant to Federal Rules of Civil Procedure Rule 33 ("Rule 33"), Defendants GRP HoldCo, LLC ("GRP HoldCo"), GRP Madison, LLC ("GRP Madison"), and GRP Franklin, LLC ("GRP Franklin," collectively, "Defendants"), hereby submit the following responses and objections (the "Responses;" each individually, a "Response") to the First Set of Interrogatories to Defendants served by Plaintiff Sterling Planet, Inc. ("Sterling" or "Plaintiff") as follows:

## OBJECTIONS TO DEFINITIONS

A.     Defendants object to each Definition to the extent it is inconsistent with the usual and customary meaning of the words and phrases it purports to define.

B.     Defendants object to the definition of the term "Document" as vague, ambiguous, overly broad and unduly burdensome.

C.     Defendants object to the definition of the terms "Defendants," "GRP Parties," "You," or "Your" as vague, ambiguous, overly broad and unduly burdensome particularly insofar as it includes "all business entities with which he/she/it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent,, or representative of Defendants or any such other business entity previously described herein including but not limited to Fairlead Advisors." Defendants further object to the extent that it purports to require Defendants to disclose information in the possession, custody or control of third parties. In responding to the Interrogatories, Defendants will construe "Defendants," "GRP Parties," "You," or "Your" to mean GRP HoldCo, GRP Franklin, and GRP Madison.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name of all persons who, answered or contributed to answering any part of these Interrogatories.

(the "RFPs"):

- Charles Abbott
- Adam Carte

## INTERROGATORY NO. 5:

Describe in detail the quantity, generation vintage, price, date and counter party of each renewable energy certificate or environmental attribute sales which were made Defendants [sic] related to the Madison and Franklin Plants from January 1, 2021 to December 2023.

## RESPONSE NO. 5:

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants further object to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary. Defendants further object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession.

Subject to and without waiving the foregoing objections, Defendants refer to the agreements, bills of sales, and attestations during August 6, 2021 and August 31, 2023 (the "Relevant Time Period") that Defendants will produce in response to Sterling's Request No. 1 in its RFPs.

## INTERROGATORY NO. 6:

Identify all individuals, companies, entities, employees, consultants,

contractors, agents involved in any manner in the transactions identified in response to Interrogatory No. 5, and the dates of their involvement.

**RESPONSE NO. 6:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants further object to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary. Defendants further object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession.

Subject to and without waiving the foregoing objections, Defendants refer to the agreements, bills of sales, and attestations during the Relevant Time Period that Defendants will produce in response to Sterling's Request No. 1 in its RFPs.

**INTERROGATORY NO. 7:**

Identify all individuals who signed attestations, generator attestations or tracking attestations, and the dates of such signatures related in any manner to transactions identified in response to Interrogatory No. 5.

**RESPONSE NO. 7:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants further object to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary.

6

Defendants further object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession.

Subject to and without waiving the foregoing objections, Defendants refer to the agreements, bills of sales, and attestations during the Relevant Time Period that Defendants will produce in response to Sterling's Request No. 1 in its RFPs.

**INTERROGATORY NO. 8:**

Identify all individuals involved in any manner in any audits, including but not limited to annual audits, certification audits, fuel mix audits and REC transaction audits, performed in relation to the transactions identified in response to Interrogatory No. 5.

**RESPONSE NO. 8:**

In addition to the General Objections set forth above, Defendants object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession. Defendants further object to this Interrogatory on the grounds that it calls for a legal conclusion. Defendants further object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession.

Subject to and without waiving the foregoing objections, Defendants refer to the audits during the Relevant Time Period that Defendants will produce in response to Sterling's Request No. 5 in its RFPs.

**INTERROGATORY NO. 9:**

For each paragraph of Plaintiffs complaint which you deny or partial deny, state the basis for such denial and identify all facts upon which you contend support your denial or partial denial.

**RESPONSE NO. 9:**

Defendants object to this Interrogatory to the extent it prematurely seeks discovery regarding Defendants' answer to the Complaint that has not been filed yet. Defendants further object to this Interrogatory on the grounds that it calls for a legal conclusion.

**INTERROGATORY NO. 10:**

Identify all individuals or companies, consultants, marketers, brokers who were retained or contracted by Defendants from January 1, 2021 to December 31, 2023 to assist in any manner with the certification, tracking or, sale of RECs from Franklin and Madison Plants, and with respect to each such individual or entity so identified, include the name, company name, address, email address and phone number.

**RESPONSE NO. 10:**

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants further object to this Interrogatory on the grounds that it seeks irrelevant information not reasonably calculated to yield information that is material and necessary.

8

Defendants further object to this Interrogatory on the grounds that it seeks information that is already in Sterling's possession.

Subject to and without waiving the foregoing objections, Defendants refer to the agreements, bills of sales, and attestations during the Relevant Time Period that Defendants will produce in response to Sterling's Request Nos. 1 and 5 in its RFPs.

Dated: September 25, 2024

<div style="margin-left: 40%;">

SWEETNAM, SCHUSTER & SCHWARTZ, LLC

By: /s/ Edwin Schwartz

Edwin Schwartz
Georgia Bar No. 631037
Jared Siegel
Georgia Bar No. 113155
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Tel.: (470) 395-7842
E-mail: eschwartz@sweetnamlaw.com
        jsiegel@sweetnamlaw.com

*Attorneys for Defendants*

</div>

## VERIFICATION

I, _Charles L. Abbott_, am the _President_ [title]

of GRP HoldCo, LLC, GRP Madison, LLC, and GRP Franklin, LLC (collectively,

"Defendants"). I am the agent for the purpose of answering Plaintiff Sterling

Planet's First Set of Interrogatories. I have read the foregoing interrogatories and

the answers to those interrogatories, which are true according to the best of my

knowledge, information, and belief. I declare under penalty of perjury that the

foregoing is true and correct.


Dated this 23rd day of September, 2024.


Name:

## CERTIFICATE OF SERVICE

This is to certify that I have on the 25th of September 2024, caused to be served on Plaintiff's counsel, Defendants' Responses and Objections to Plaintiff's Interrogatories, in the above-referenced action for Defendants GRP HoldCo, LLC, GRP Franklin, LLC, and GRP Madison, LLC (collectively, the "Defendants'") in accordance with Fed. R. Civ. P. 5 via U.S. Mail to the following addresses.

Kevin T. Moore
Georgia Bar No. 520036
**KEVIN T. MOORE, P.C.**
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
ktm@ktmtriallaw.com

Tammi Cody
Georgia Bar No. 053850
**CODY LAW, P.C.**
659 Auburn Avenue, NE
Suite 210
Atlanta, Georgia 30312
tcody@codylaw.net

Dated:      September 25, 2024

                                    */s/ Edwin Schwartz*
                                    Edwin Schwartz
                                    Georgia Bar No. 631037
                                    **SWEETNAM SCHUSTER &**
                                    **SCHWARTZ, LLC**
                                    1050 Crown Pointe Parkway, Suite 500
                                    Atlanta, Georgia 30338
                                    Telephone: (470) 395-7842
                                    Facsimile: (770) 234-6779
                                    eschwartz@sweetnamlaw.com

                                    *Attorney for GRP Defendants*

11

**GRP's Statement in Opposition to Sterling's Discovery Disputes**

Defendants (collectively, "GRP" or "Defendants") submit this statement pursuant to Guideline III.(j)(vii) of Your Honor's Standing Order.

## I.    <u>Sterling Refuses To Identify The Discovery Responses In Dispute</u>.

Sterling refuses to identify to GRP which discovery response(s) Sterling would raise in this discovery dispute despite several requests by GRP. GRP requested that Sterling: "Please identify by responsive email the specific discovery responses that you believe are deficient and that Sterling intends to address in the joint submission so that we may prepare our statement in response."

Sterling did not answer and instead directed GRP to review the email correspondence exchanged between the parties since the case's removal to federal court and over many months:

> The Standing Order does not require Sterling to provide GRP with yet another summary of Sterling's discovery concerns before bringing these matters to the attention of the Court….We suggest that GRP should instead carefully review each and every discovery request, and the emails counsel have exchanged regarding GRP's discovery response deficiencies (i.e., all emails written by the parties both before and after the Dec 12 call). In particular, we draw your attention to your evasive emails.

(T. Cody email to D. Fleming, dated January 17, 2025.)

Sterling's approach undermines GRP's ability to effectively and efficiently address any alleged deficiencies and has resulted in GRP needing to guess in this statement. GRP respectfully requests leave to file a supplemental opposition to address any issues raised in Sterling's submission that were not anticipated.

**GRP's Statement in Opposition to Sterling's Discovery Disputes**

Additionally, GRP requests leave to submit the parties' communications as an exhibit to support such supplemental filing.

In this statement, GRP addresses issues Sterling raised during a December 12, 2024 meet and confer (the "12/12/24 M&C"), and both of which lack merit.[1]

## II.    <u>GRP's Response No. 12 To Sterling's RFA is Proper.</u>

Sterling asserts, without basis, that GRP's denial of the following request for admission ("RFA") is deficient: "Admit Carey Davis signed Renewable Generator Attestation(s) under RECPA 2."[2]

Sterling cannot substantiate its claim that GRP's denial is improper. GRP has already explained to Sterling that it denied this RFA after conducting a reasonable investigation regarding whether Mr. Davis signed an attestation under RECPA 2, including by reviewing ***every*** available email on the subject and by discussing the matter with Carey Davis (the signatory referenced in the RFA).

GRP informed Sterling that it had identified a ***draft*** attestation sent by Sterling employee, Valerie Johnson, but did not locate an executed version of an attestation for RECPA 2 and is currently not aware of one. GRP also stated its willingness to amend its response to the RFA if Sterling could provide

---

[1] If Sterling raises any issues that were not discussed on the 12/12/24 M&C, GRP respectfully requests that the Court deny those disputes as premature.

[2] "RECPA 2" refers to the August 31, 2021 agreement, which, along with "RECPA 1" (dated August 6, 2021), is at issue in this action.

**GRP's Statement in Opposition to Sterling's Discovery Disputes**

documentation demonstrating the existence of an executed attestation. To date, Sterling has not provided any such documentation or information.

In fact, Sterling's counsel, Ms. Cody, acknowledged during the meet and confer that the "attestation process was sloppy" and that "there were a bunch of attestations floating around, and we want to button this up." These memorialized statements reinforce the appropriateness of GRP's response to RFA No. 12.

## III.    Sterling's Demand For GRP To Create New Documents Is Improper.

Sterling further contends that GRP should create or amend attestations related to the RECPAs at issue in this action, alleging inaccuracies in the fuel mix reflected in those attestations. As an initial matter, Sterling's allegations of incorrect fuel mix are speculative and lack support. Moreover, Sterling's demand that GRP create new documents that do not currently exist is plainly improper under Rule 34 of the Federal Rules of Civil Procedure.[3]

For the foregoing reasons, GRP respectfully requests that the Court deny Sterling's baseless discovery demands.

/s/ Edwin Schwartz

---

[3] *See, e.g., Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 178 (N.D. Ga. 2013) ("The Court obviously cannot compel Defendants to produce documents that do not exist."); *Thompson v. Lantz*, 2009 WL 3157561, at *1 (D. Conn. Sept. 25, 2009) ("[A] party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence") (quoting Moore's Federal Practice § 34.12[2] (3d ed. 2009).)