SWEETNAM

SCHUSTER & SCHWARTZ

1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
Telephone: (470) 395-7842

Edwin Schwartz
eschwartz@sweetnamlaw.com

January 30, 2025

**VIA ECF**
Honorable J.P. Boulee
United States District Judge
U.S. District Court for the Northern District of Georgia
1988 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

> Re:     *Sterling Planet, Inc. v. GRP Holdco, LLC, et al.*,
>          Civil Action No. 12:24-cv-03176-JPB
>          Joint Discovery Dispute Statement Submission

Dear Judge Boulee:

Pursuant to Your Honor's Standing Order regarding discovery disputes, the parties submit the attached Joint Discovery Dispute Statement concerning the entry of a protective order in the above-referenced matter. The parties have conferred in good faith on this issue but remain at an impasse.

We appreciate the Court's time and attention to this matter and remain available should Your Honor have any questions.

> Respectfully submitted,
>
> /s/ Edwin Schwartz
>
> Edwin Schwartz

Attachment

## GRP's Statement Pursuant to Guideline III.(j)(vii)
## of Your Honor's Standing Order

Defendants (collectively, "GRP" or "Defendants") submit this statement

pursuant to Guideline III.(j)(vii) of Your Honor's Standing Order.

## I.     <u>Sterling's Late-Stage Reversal on a Protective Order</u>.

Since the outset of this litigation, including in its discovery plan submitted to

the Court (Dkt. 11) and initial disclosures (Dkt. 15), Sterling agreed to enter into a

protective order. Sterling even provided the first draft of a proposed protective

order to GRP on December 16, 2024, and GRP returned proposed revisions three

days later.

However, on January 13, 2025, Sterling abruptly reversed course, asserting

for the first time that it no longer agreed to a protective order based on a "further

review" of Your Honor's Standing Order:

> [U]pon further review of the Standing Order we believe the parties can
> simply cooperate to address confidentiality concerns and redact on a
> case by case basis if issues arise and of course a mechanism is in place
> to file documents provisionally under seal[.]

(T. Cody email to J. Siegel, dated January 13, 2025.)

In response, on January 14, 2025, GRP clarified that the Standing Order

does not categorically preclude protective orders and urged Sterling to reconsider,

but Sterling has refused. During a January 21, 2025 meet and confer, Sterling

reaffirmed that it would not agree to a protective order—despite previously doing

so and even drafting the initial version.

GRP's Statement Pursuant to Guideline III.(j)(vii)
of Your Honor's Standing Order

**II.    A Protective Order is Necessary Given Sterling's Stated Intent
To Share GRP's Discovery Materials with Third Parties.**

GRP seeks a protective order that is substantively identical to the one
already in place in the related Georgia State-wide Business Court action (the
"GSBC Action"), because Sterling has repeatedly stated its intent to share GRP's
confidential materials with third parties.

On December 6, 2024, when GRP requested that Sterling provide a draft
protective order, Sterling responded:

> Sterling will not waive any obligations it might have to disclose
> documents or to report to CRS or to Sterling's customers (who
> purchased GRP generated attributes) should it reasonably appear to us
> there are any issues related to GRP sales, attestations or marketing
> claims.

(T. Cody email to D. Fleming, dated December 6, 2024.

Not only has Sterling asserted this right to disclose GRP's documents, but in
its draft protective order, Sterling sought an unprecedented carve-out that would
allow it to share GRP's confidential materials with third parties at its sole
discretion under the guise of "fulfilling" contractual obligations.

Sterling's proposed language is particularly concerning given its
unsupported allegations regarding an "incorrect fuel mix" related to the RECPAs.[1]

---

[1] GRP further asserts that Sterling's claim that breaches of the further assurances
provisions in the August 6, 2021 and August 31, 2021 agreements (the "RECPAs")

2

**GRP's Statement Pursuant to Guideline III.(j)(vii)
of Your Honor's Standing Order**

As GRP explained in its January 23, 2025 Statement,[2] these allegations are

speculative and lack evidentiary support. Given Sterling's expansive discovery

demands—also raised in GRP's January 23, 2025 Statement—GRP is rightfully

concerned that Sterling intends to weaponize documents produced in discovery to

share them with third parties to gain a litigation advantage.

GRP recognizes that confidentiality designations should be limited to only

the documents that warrant protection under applicable legal standards. GRP does

not seek a protective order to impose overbroad confidentiality restrictions, nor

will it indiscriminately designate documents as confidential. Instead, GRP will

ensure that only necessary documents receive confidential treatment, balancing the

need for confidentiality with the Court's guidance on transparency.

Sterling's belated reversal on a protective order is inconsistent with its prior

agreement and its own draft protective order. Given these circumstances, a

protective order is necessary to prevent Sterling from improperly disseminating

GRP's confidential business information. GRP respectfully requests that the Court

enter an appropriate protective order to govern the disclosure of confidential

materials in this action.                    /s/ Edwin Schwartz

occurred more than three years after the execution of the RECPAs is erroneous and
without merit.

[2] GRP's January 23, 2025 Statement was filed in opposition to Sterling's demands
concerning specific discovery requests propounded by Sterling.

PLAINTIFF STERLING PLANET, INC's POSITION STATEMENT
REGARDING CONSENT PROTECTIVE MOTION AND ORDER DISPUTE

Sterling Planet, Inc. ("Sterling") does not dispute the necessity of a consent protective order (CPO); rather, Sterling seeks a narrowly tailored CPO aimed at balancing the need for confidentiality, in contrast to the overly broad and unclear restrictions proposed thus far by Defendants (collectively "GRP"). The parties have exchanged several emails including proposals and counterproposals regarding a CPO, but have not reached agreement. In particular, Sterling's concerns relating to an overly broad CPO, are reflected in email exchanges between the parties on December 4, 5, 6, 9, 10, 16, 19, 20, 2024 and January 6, 10, 13, 15 and 16, 2025. Sterling summed up its concerns to GRP in a call among counsel on January 16, 2025, as follows: (1) GRP has not produced a single document in this case in spite of GRP serving its Responses and Objections to Sterling's First Request for Production of Documents, *on September 23, 2024* (*See*, Rule 5.4 filing, Dkt. 19, p. 1), leading Sterling to believe GRP is improperly considering every responsive document to be "confidential" and may intend to "over-designate" responsive materials, *once same are finally produced*, as "confidential"; (2) Sterling sought a cross reference in the proposed CPO to refer to an existing protective order entered in the matter of *GRP Holdco, LLC, GRP Madison, LLC and GRP Franklin LLC v. Sterling Planet, Inc.* pending in the Georgia State-wide Business Court, Case No.

1

22-GSBC-0019, to help ensure that a CPO in the instant matter does not inadvertently create confusion or conflict with the order in GSBC (as the parties have already agreed some documents marked confidential in that case no longer shall be deemed confidential); and (3) Sterling sought to discuss a suitable provision regarding handling of third-party information, noting each party should be prepared to demonstrate that a bona fide confidentiality agreement or obligations relating to a third party exists before marking all documents which merely reference a third-party as "confidential", again to prevent against potential over-designating materials as confidential as had occasionally occurred in the GSBC matter.

During the January 16, 2025, call undersigned counsel were left with the clear impression that GRP counsel intended to revise the previously circulated draft CPO to address all concerns raised during the call. Instead of a revised draft, GRP counsel submitted Sterling an email on January 27, 2025 ~4:53pm stating GRP's intention to submit these issues to the Court on January 30, 2025 for resolution. While Sterling welcomes Court assistance, we hope in the future GRP will strive to work within the spirit of the Standing Order and Fed. R. Civ. P. 26(c), which indicate a good faith effort should be made to resolve such disputes before seeking Court intervention.

Litigation such as the instant matter (involving renewable energy certificate purchases and environmental practices) raises public policy implications and appropriate transparency. In any event, protective orders should not be used to

improperly shield non-confidential/non-proprietary information from disclosure. Without clarity in a CPO, unnecessary disputes may arise, and inconsistencies between the two protective orders could create confusion.

Over-designating documents and provisionally sealing volumes of materials in the GSBC matter led to unnecessary expenses and burdened both the parties and the GSBC Court, which requested that the parties report to the Court on unsealing documents. Here, it is difficult to imagine how GRP could reasonably establish a proprietary interest in records, spreadsheets and emails relating to biomass materials burned in 2020 and the environmental attributes related thereto sold in 2021, for example  (i.e., such documents are approximately 4- 5 years old, and "feedstock" *percentages* of wood/construction and demolition materials, identified in the attestations, need not be redacted but *invoice amounts* could be redacted such that the entire document is not confidential, and GRP has made press releases about its fuel supplier, meaning GRP's fuel sourcing cannot be said to be confidential).

Given the above history, Sterling respectfully requests that the Court enter a protective order that ensures confidentiality designations are used appropriately and consider that inadvertent conflicts might arise between multiple protective orders if an order in this court is not carefully crafted.

Undersigned counsel remain available at the Court's convenience should further discussion be necessary or helpful.

3

*Plaintiff Sterling Planet, Inc.'s Position Statement Regarding Consent Protective Order and Dispute* is respectfully submitted this 30th day of January 2025.

KEVIN T. MOORE, P.C.

/s/ *Kevin T. Moore*
Kevin T. Moore
GA Bar No.  520036
Attorney for Sterling Planet, Inc.

2500 Northwinds Parkway, Suite 330
Alpharetta, GA  30009
(770) 396.3622
ktm@ktmtriallaw.com

CODY LAW, P.C.

/s/ *Tammi M Cody*
Tammi M. Cody
GA Bar No.  053850
Attorney for Sterling Planet, Inc.

659 Auburn Avenue, NE
Studioplex, Suite 210
Atlanta, GA  30312
tcody@codylaw.net